DECISION.
Defendant-appellant Kim Morton appeals his conviction for failure to comply with the order or signal of a police officer, a fourth-degree felony.
 FACTS
While on patrol on January 10, 1998, at approximately 7:30 p.m., Officer Paul Broxterman observed a vehicle, driven by Morton, traveling northbound on Reading Road. He noticed that the vehicle's rear license plate was not lit and appeared loose. As a result, Broxterman activated his rotary lights, signaling Morton to pull over. Although Morton began to pull over, he then accelerated and sped away. Broxterman activated his siren and began pursuing Morton. During the high-speed chase that ensued, Morton traveled at speeds in excess of seventy miles per hour, ran a red light and several stop signs, crossed the double-yellow dividing line, and ultimately collided with another vehicle. Although Morton fled on foot from the scene of the accident, Broxterman eventually apprehended him. Morton was charged with several offenses, only two of which, failure to comply with an order or signal of a police officer and reckless operation of a vehicle, are involved in this appeal.
 MUNICIPAL COURT: MISDEMEANOR OFFENSE
On January 20, 1998, in municipal court, Morton pleaded no contest to the misdemeanor offense of reckless operation of a vehicle, in violation of Cincinnati Municipal Code 506-6. This section provides:
 No person shall operate a vehicle on any street or highway without due regard for the safety of persons or property.
 The trial court accepted Morton's plea and found him guilty.
 COMMON PLEAS COURT: FELONY CHARGE
Morton was also indicted for the felony offense of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(2). This statute provides in relevant part:
 (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop.
 (C) * * * A violation of division (B) of this section is a misdemeanor of the first degree, except that a violation of division (f) of this section is a felony of the fourth degree if the jury or judge as trier of fact finds any one of the following by proof beyond a reasonable doubt:
* * *
 (2) The operation of the motor vehicle by the offender was a proximate cause of serious physical harm to persons or property.
 Morton moved to dismiss the common pleas indictment based on an alleged double-jeopardy violation. The motion was denied and the case proceeded to trial before a jury. Morton was found guilty and sentenced to serve eighteen months of incarceration. He timely appeals the trial court's judgment and brings one assignment of error. In this assignment, Morton actually makes four distinct arguments, one of which being that his double-jeopardy rights were violated by the state's successive prosecutions of him.
 ANALYSIS
Morton contends that his constitutional protection against double jeopardy was violated when he was prosecuted for felony failure to comply with the order or signal of a police officer in the Hamilton County Court of Common Pleas after previously having been found guilty of reckless operation in the Hamilton County Municipal Court. We agree.
The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This constitutional protection bars successive prosecutions for the same offense.[1]
Accordingly, the state's subsequent prosecution of Morton for the felony failure to comply violated double jeopardy only if that offense constitutes the same offense as reckless operation.
In order to determine whether reckless operation and felony failure-to-comply constitute that same offense for purposes of double jeopardy, we must apply the Blockburger test, which provides:
 [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.[2]
 In State v. Knaff,[3] a case of nearly identical facts, this court recognized that reckless operation and felony failure to comply under subsection (C)(3) of R.C. 2921.331 constitute the same offense for purposes of double jeopardy, stating:
 When we apply the Blockburger test to the case before us, it is clear that the felony failure-to-comply offense required proof of several additional facts separate from the reckless-operation offense. However, the reckless-operation offense did not require proof of any fact beyond those required for felony failure to comply. Under the elements, it is impossible to commit the felony version of the failure-to-comply offense — operation of a motor vehicle causing substantial risk of serious physical harm to persons or property — without also violating the city ordinance — operation of a vehicle without due regard for the safety of persons or property.
 This court's opinion in Knaff did not take into account the analysis identified in two prior decisions in which the United States Supreme Court noted that, historically, double jeopardy protections were inapplicable to sentencing matters because those determinations do not place offenders in jeopardy for an "offense." Over the strong and ultimately persuasive dissent by Justices Scalia and Stevens, in Monge v. California,[4] the Court upheld California's "three-strikes" law. Likewise, in Almendarez-Torres v. United States,[5] the Court upheld a congressional determination that recidivism findings are not elements of offenses even if they increase the accused's maximum punishment. But, last month, in Jones v. United States,[6] with Justices Scalia and Stevens carrying a now-majority position, the Supreme Court limited the application of Almendarez-Torres and Monge to the context of recidivism when it determined that sentence-enhancing provisions in the federal carjacking statute, which were triggered by proof of either serious bodily harm or death, were better read as elements making up separate offenses than as sentencing factors. In doing so, the Court distinguished the factors at issue (serious bodily injury and death) from recidivism. The Court noted that, unlike recidivism, these factors had not been traditionally regarded as sentencing factors as opposed to elements. The Court also found relevant that the statutory provisions in the carjacking statute conditioned imposition of the greater penalties on proof of further facts (injury or death) that seemed as important as the elements in the principal paragraph of the section.
Because the Supreme Court's analysis in Jones is squarely applicable to this case, we are confident that Knaff's silent treatment of subsection (C)(3) of R.C. 2921.331 as a separate element, and not merely as sentencing factor, is in step with the Court's double-jeopardy jurisprudence. And, although we recognize that Morton was charged under a different subsection of R.C.2921.331 than Knaff, we do not believe that the rationale of Knaff
is inapposite to this case. The only distinction between subsections (C)(2) and (C)(3) of R.C. 2921.331 is that, under subsection (C)(2), a defendant is charged with proximately causing
serious physical harm to persons or property while operating a motor vehicle, whereas, under subsection (C)(3), the defendant is charged with causing a substantial risk of serious physical harm to persons or property while operating a motor vehicle. We believe that this is a distinction without a difference because, just as it was impossible to have committed a violation of R.C.2921.331(C)(3) without also having violated the city ordinance, so too is it impossible to have committed a violation of R.C.2921.331(C)(2) without also having violated the city ordinance. In other words, proof of reckless operation does not require proof of any fact beyond those required to prove felony failure to comply under either R.C. 2921.331(C)(2) or (C)(3). Therefore, we conclude that reckless operation, in violation of Cincinnati Municipal Code 506-6, constitutes the same offense as felony failure to comply under both R.C. 2921.331(C)(2) and (C)(3).
 CONCLUSION
Because we conclude that reckless operation and felony failure to comply constitute the same offense, we sustain Morton's argument that the state's subsequent prosecution of him was in violation of the Double Jeopardy Clause. We do not reach the remaining issues raised by Morton in his appeal because this decision renders them moot. The judgment of the trial court is reversed, and the matter is remanded to the trial court with instructions to enter judgment for a misdemeanor violation of R.C.2921.331(B).
Judgment reversed and cause remanded with instructions.
 Doan, P.J., Gorman and Sundermann, JJ.
[1] See U.S. v. Dixon (1993), 509 U.S. 688, 113 S.Ct. 2849.
[2] Blockburger v. U.S. (1932), 284 U.S. 299, 304,52 S.Ct. 180, 182.
[3] (May 29, 1998), Hamilton App. No. C-970162, unreported.
[4] (1998), 524 U.S. 721, 118 S.Ct. 2246.
[5] (1998), 523 U.S. 224, 118 S.Ct. 1219.
[6] (1999), ___ U.S. ___, 119 S.Ct. 1215.